Frank S. McCullough, J.
This is an article 78 proceeding brought to review the refusal of the New York State Liquor Authority to approve the petitioner’s application for permission to make alterations to the premises in which it conducts a bowling business. The premises are presently licensed to sell liquor and wine at retail. On July 18, 1963, the petitioner filed an application to delimitize a portion of the licensed premises and to make a substantial alteration in the building. The portion to be delimited was then used as a playroom, a television room and for storage purposes. The petitioner plans to establish a billiard parlor in the deleted portion which would be operated by the petitioner or by another subsidiary of the petitioner’s holding corporation. The respondent’s determination sought to be reviewed herein, sets forth the following reasons for disapproval: ‘ ‘ The petitioner seeks to delimit a portion of the licensed premises for the specific purpose of constructing a billiard parlor. While it is noted that such proposed billiard premises will not be directly accessible to the bowling alley premises, the billiard premises are within the same basic structures as the bowling alley. The Penal Law and the corresponding laws of New York City governing the licensing of Billiard Parlors are clear in their prohibition of granting a billiard parlor license where alcoholic beverages are sold. Any delimitation of the licensed premises therefore would be contrary to the spirit and intent of the ABC Law, and that the proximity of a billiard parlor thereof to a licensed premises would adversely affect the protection, health, welfare and safety of the People of the State of New York.” The determination quoted above, contains an obvious typographical error. “New York City” should read “New York State ”.
The proposed billiard facility would be completely walled off from the bowling alley premises, and would have a separate entrance and street address, fire exit and lavatories. The entrance into the premises would be a distance of approximately *454 82 feet from the proposed new stairway and. doorways leading into the bowling lanes. It thus appears that the only connection of any kind between the bowling lanes and the proposed billiard facility would be the common roof. The plans have been approved by the Town of Greenburgh. The application submitted to the Westchester County Alcoholic Beverage Control Board was also approved.
Section 99-d of the Alcoholic Beverage Law provides as follows: “ Miscellaneous fees. 1. Before any substantial alteration to a licensed premises may be undertaken, the licensee shall make an application to the liquor authority for permission to effect such alteration and shall pay to the liquor authority in advance upon filing of the application a fee of one hundred dollars * * * A substantial alteration shall include any enlargement or contraction of a licensed premises; any physical change to the exterior of the licensed premises that involves the creation or relocation of any window or door, or reduces the visibility that existed at the time of licensing; any other physical changes in the interior of a licensed premises that materially affect the character of the premises or the physical structure that existed at the time of licensing; and, in the case of establishments licensed for consumption on the premises, any enlargement or contraction of the dining or kitchen facilities, or any change in the size or location of any bar within the contemplation of section one hundred, subdivision four of this chapter at which alcoholic beverages are dispensed ’’.
The petitioner contends that section 99-d of the Alcoholic Beverage Control Law is a revenue statute conferring no discretionary power on the Liquor Authority to deny applications for alterations. However, it is not necessary to rule on this point since, in the .opinion of the court, the disapproval of the petitioner’s application is considered to be unreasonable and arbitrary.
Under the proposed plan of alteration, alcoholic beverages cannot and would not be sold in the billard facility, and therefore, no violation of the Penal Law would be involved. Although billiard parlors may once have been seed-beds for delinquency, in our present society the recent appearance of billard parlors has been on a basis designed to attract family participation. The mere proximity of a billard parlor to bowling lanes where the sale of alcoholic beverages is permitted does not appear to be a valid reason for denying the petitioner’s application for the proposed alterations. The respondent has set forth no specific explanation of the danger it envisages. The mere invocation of the provisions of section 2 of the Alcoholic Beverage *455 Control Law does not in and of itself empower the respondent to make an arbitrary determination.
Accordingly, the petition is granted and the determination of the respondent is annulled.